UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY BEST,                )
                             )
            Plaintiff,       )
                             )     CAUSE NO. 3:18-CV-661 PS-MGG
       vs.                   )
                             )
ALGER BOSWELL, et al.,       )
                             )
            Defendants.      )

OPINION AND ORDER

Anthony Best, a *pro se* prisoner, filed a complaint on August 24, 2018. He sued five defendants under 42 U.S.C. § 1983, the claims arising from his 2015 arrest and conviction for dealing in cocaine.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, I must dismiss this case if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

On March 10, 2015, Gary Police Department Detective Willie McLemore was an

1

affiant to a probable cause affidavit. ECF 2-1. In it, he stated that he "reviewed a regularly made and kept report of Gary Police Officer Javier Garza, a person I believe to be truthful and credible because he spoke of facts within his personal knowledge." *Id.* Based upon reviewing that report, Detective McLemore was under the belief that Best possessed cocaine with the intent to deliver it to another person on March 5, 2015. *Id.* This affidavit was presented to Lake County Deputy Prosecutor Michael M. Greener, who approved the case for prosecution. *Id.* A jury trial was held, with Attorney Alger Boswell representing Best. *Id.* at 4. At the conclusion of the trial, the jury found Best guilty and the trial court imposed a ten year sentence. *Id.* Best appealed his conviction and was represented by Attorney Kristin Mullholland. *Id.* The court of appeals affirmed the conviction and sentence. *Id.*

Best sets forth a number of claims in his prisoner complaint. One claim is that Detective McLemore failed to perform an adequate investigation in March of 2015, which ultimately led to Best's arrest and conviction for a crime he did not commit. ECF 2 at 6. It is not entirely clear what, exactly, Best is alleging. It may be that he believes Detective McLemore engaged in some sort of wrongdoing in the investigation of the crime which caused Best to be falsely arrested. However, such a claim would be time barred. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009). "Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or

2

termination of) the violation." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008); see also *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) ("*Wallace v. Kato*, 549 U.S. 384 (2007), holds that *Heck* does not affect litigation about police conduct in the investigation of a crime . . . ."). Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Therefore, this claim against McLemore expired more than one year ago, and should be dismissed.

To the extent Best is alleging that Detective McLemore's actions caused him to be falsely convicted of a crime, that claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87. In other words, such a Section 1983 claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. Best could not proceed with this claim until he showed that his conviction has been invalidated. *Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997).

Here, although Best claims that he was falsely convicted, there is no indication

3

from the complaint that his conviction has been vacated or otherwise invalidated. It would be implausible to arrive at such a conclusion, because it seems Best is still incarcerated based on this conviction. Unless and until his conviction becomes invalidated, Best cannot seek damages for any alleged wrongful conviction. Therefore, these allegations do not state a claim.

Best also appears to claim that he was held at the jail following his arrest without being given a probable cause hearing within 48 hours. ECF 2 at 3. Under the Fourth Amendment, an individual arrested without a warrant is entitled to be brought before a judicial officer for a determination of probable cause within a "reasonable" period; 48 hours is generally considered to be "reasonable," although a longer period may be permissible if there were legitimate reasons for the delay. *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975); *Lopez v. City of Chicago*, 464 F.3d 711, 721-22 (7th Cir. 2006).

Best does not allege that he was arrested without a warrant, or that he was denied a probable cause determination within a reasonable period as required by *Gerstein*; instead, he asserts that he was not given a probable cause hearing within 48 hours.[1] Nevertheless, to the extent he could state a plausible Fourth Amendment claim based on a violation of *Gerstein*, that also would be time-barred. This claim would have accrued no later than the date of the probable cause determination, which appears to be March 11, 2015. *See Dominguez*, 545 F.3d at 589; *see also Garcia v. City of Chicago*, 24 F.3d 966, 970 n.6 (7th Cir. 1994) (unlawful seizure ends for Fourth Amendment purposes at

---

[1] It is unclear if Best is referring to 48 hours after his arrest, or 48 hours after the crime occurred.

the time of the *Gerstein* hearing). As stated above, Best initiated this action in August 2018, well after the two-year limitation period had passed. Accordingly, this claim must be dismissed.

Next, Best states claims against the Lake County Prosecutor Bernard Carter, and Lake County Deputy Prosecutors Quinton White and Michael Greener, for deciding to prosecute him based on Detective McLemore's probable cause affidavit. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.")(quotation marks and citation omitted)). The claim against these defendants must be dismissed due to immunity.

Best also alleges that his trial counsel and appellate counsel did not properly represent him during his criminal trial and appeal. However, a criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk Cty. v. Dodson*, 454 U.S. 312 (1981). The claims against these two defendant attorneys must consequently be dismissed.

Although it is typically necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts

5

have broad discretion to deny leave to amend where . . . the amendment would be futile.") (quotation omitted)). Such is the case here.

Accordingly, Best's complaint is DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a claim.


ENTERED: October 22, 2018.

                                                  /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT